FILED & JUDGMENT ENTERED
Christine F. Winchester

September 30 2024

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
Ashley Austin Edwards
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

In re:

**Gabriel Custom Homes, LLC,**

Debtor.

Chapter 11
Case No. 24-30332

## ORDER DENYING MOTION FOR RELIEF FROM STAY
## AND MOTION TO DISQUALIFY COUNSEL

**THE MATTERS** before the court are the *Motion for* In Rem *Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d)(4) and Reservation of Rights Pursuant to 11 U.S.C. § 362(e)* (the "Stay Relief Motion") by Trident Realty Investments, LLC ("Trident");[1] the Debtor's *Response to Motion for Relief from Stay and Motion to Disqualify Counsel* (the "Disqualification Motion");[2] and Trident's *Response In Opposition to Debtor's Motion to Disqualify Counsel*.[3] For the reasons stated below, the Court hereby **DENIES** the Stay Relief Motion without prejudice and **DENIES** the Disqualification Motion as moot.

---

[1] D.I. 48.
[2] D.I. 49
[3] D.I. 50.

1

**BACKGROUND**

The Court takes judicial notice of the docket in the instant case and the court pleadings attached to the Stay Relief Motion. The schedules and statements attached to the Debtor's chapter 11 petition show that Trident is the Debtor's largest creditor, holding approximately 97% of the Debtor's total liabilities.[4] Pursuant to the Foreclosure Order, as hereinafter defined, that liability arises out of a promissory note that the Debtor executed on July 21, 2021, for a loan to the Debtor in the amount of $164,350 (the "Note").[5] The Note is secured by a deed of trust (the "Deed of Trust") on the Debtor's real property located at 1064 Salisbury Ridge Road, Winston-Salem, NC 27127 (the "Property").[6] The Deed of Trust shows that Trident held a security interest in the Note.

The Note required the Debtor to pay six months of interest-only payments in the amount of $1,658.50, starting on September 1, 2021, and concluding on February 1, 2022. At the end of the six months, the entire note would mature, unless the Debtor elected to extend the interest-only payments for an additional three months and paid an extension fee of $1,643.50. On December 20, 2022, the substitute trustee foreclosed on the Property under the Deed of Trust and scheduled a foreclosure hearing for January 12, 2023.[7] That hearing was continued to March 8, 2023, so that Sterling L. Gabriel, the Debtor's principal, could retain counsel.[8] After the hearing on March 8, 2023, the clerk of court entered an order authorizing the foreclosure on the Property (the "Foreclosure Order").[9] The Foreclosure Order included numerous findings, including that the Debtor owned the Property, Trident held the Note and Deed of Trust, the debt evidenced by the Note and Deed of Trust was "a valid and enforceable debt," the debt was in default, the substitute

---

[4] D.I. 1.
[5] Ex. A to Stay Relief Motion.
[6] Ex. B to Stay Relief Motion.
[7] Ex. C to Stay Relief Motion.
[8] Ex. D to Stay Relief Motion.
[9] Ex. E to Stay Relief Motion.

trustee was authorized to foreclose on the Property, and that proper notice was given of the foreclosure hearing.[10]

On June 23, 2023, the day before Trident alleges the sale upset bid period concluded, the Debtor filed a petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of North Carolina (the "First Bankruptcy Case").[11] Subsequently, on January 4, 2024, the Debtor filed a motion to voluntarily dismiss the First Bankruptcy Case.[12] In the motion, the Debtor admitted that it had agreed to pay Trident monthly adequate protection payments in the amount of $1,800 but "never timely paid" them and that "at least one of Debtor's adequate protection checks to Trident ha[d] been returned for insufficient funds,"[13] with no "reasonable justification for these occurrences."[14] The Debtor stated there was "little to no likelihood" of reorganization and acknowledged that dismissal was "in the best interest of creditors and the estate" in that case.[15] On February 1, 2024, that bankruptcy court entered an order granting the Debtor's motion to dismiss the First Bankruptcy Case.[16]

Trident alleges that it attempted to foreclose on the Property under the Deed of Trust again. Trident alleges that the substitute trustee held a foreclosure sale on the Property on April 5, 2024, where Trident purchased the Property pursuant to a credit bid. On April 15, 2024, the day before Trident alleges the upset bid period concluded, the Debtor filed a petition under chapter 11 of the Bankruptcy Code in this Court. Less than a month later, on May 10, 2024, Trident filed a motion for relief from the automatic stay (the "First Stay Relief Motion").[17] On June 5, 2024, the Debtor

---

[10] *Id.*
[11] Ex. F to Stay Relief Motion.
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] Ex. G to Stay Relief Motion.
[17] D.I. 15.

3

filed a *Motion for Authority to Commence Monthly Payments to Secured Creditor* (the "Creditor Payment Motion").[18] No party objected or responded to the motion. Following a hearing on July 9, 2024, the Court granted the Creditor Payment Motion (the "Creditor Payment Order"), authorizing the Debtor to pay $1,658.50—the same amount as the interest-only payments under the Note—to Trident in accordance with section 362(d)(3) of the Bankruptcy Code.[19]

On August 20, 2024, the court held a hearing on Trident's First Stay Relief Motion. The following day, the court entered an order denying the First Stay Relief Motion for "fail[ure] to prosecute."[20] Just over two weeks later, on September 5, 2024, Trident filed the Stay Relief Motion that is at issue now, which is nearly identical to the First Stay Relief Moton. In the motion, Trident argued that the Court should grant relief from stay based on the Debtor's "scheme to delay, hinder, or defraud . . . that involved multiple bankruptcy filings affecting" the Property pursuant to section 362(d)(4) of the Bankruptcy Code. On September 13, 2024, the Debtor filed the Disqualification Motion, in which the Debtor argued that (a) the Stay Relief Motion should be denied because the Debtor "is able to provide adequate protection to Trident" for "its interest in" the Property and (b) the motion failed to satisfy this Court's Local Rule 4001-1. The Debtor also sought to disqualify Trident's counsel in this matter for representing both Trident and "the Substitute Trustee under the Deed of Trust." Trident filed a response to the Disqualification Motion on September 19, 2024. Keith Johnson, Esq. appeared on behalf of the Debtor, and John Sperati, Esq. appeared on behalf of Trident at the September 24, 2024, hearing on the motions.

At the hearing, the Debtor acknowledged that (a) the exclusivity period for the Debtor to file a plan of reorganization under section 1121 of the Bankruptcy Code expired 120 days after the

---

[18] D.I. 30.
[19] D.I. 34
[20] D.I. 45.

chapter 11 petition was filed (i.e., August 13, 2024); (b) the Debtor had not yet filed a disclosure statement, plan of reorganization, or taken other actions towards resolution of this case; and (c) the issue of whether to disqualify Trident's counsel would be moot if the Stay Relief Motion was denied. The Debtor and Trident both acknowledged that the Debtor had made the payments required by the Creditor Payment Order from June through September 2024 and was current on payments.

## ANALYSIS

Section 362 of the Bankruptcy Code provides, in part, that the filing of a bankruptcy petition automatically stays certain actions against the debtor and its property, including "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Creditors may obtain relief from the automatic stay as it pertains to real property if the creditor holds a security interest in the real property and shows that the "filing of the [bankruptcy] petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4)(B). The secured creditor has the burden to prove all elements under section 362(d)(4). *See* Collier on Bankruptcy ¶ 362.05(19)(a) (16th ed. 2024) (citing *In re Lee*, 467 B.R. 906 (B.A.P. 6th Cir. 2012)). To prove that a "scheme" occurred, the creditor must show that there was an "***intentional artful plot or plan***," not just "misadventure or negligence." *See In re Samaroo*, No. 17-51247, 2018 WL 1135376, at *3 (Bankr. M.D.N.C. Feb. 13, 2018) (citation omitted) (emphasis added). For example, in *Samaroo*, the court found that "the filing of the Debtor's petition was part of a scheme that included multiple purported transfers of title to the Real Property without consideration" that was part of a plot to delay a creditor's foreclosure proceedings. *Id.* To reach

5

this conclusion, the *Samaroo* court reviewed numerous public records[21] and a note that was secured by a deed of trust on the property. *See id.* at *1–2. The *Samaroo* court also heard live testimony from a key participant in the transfers. *See id.*

For the Stay Relief Motion, Trident has failed to meet its burden to prove the elements of section 362(d)(4). There were multiple factual issues that the parties raised at the hearing, including, but not limited to, (1) the Debtor's domicile, (2) whether there was a prior proposed sale of the Property, (3) the relationship between the Debtor and the Property's tenant, (4) whether the tenant has paid rent, (5) information pertaining to the current lease on the Property, and (6) whether a scheme had occurred to delay, hinder, or defraud Trident. Neither party provided evidence in support of any argument. While the Court may take judicial notice of the pleadings in the multiple foreclosure actions and prior bankruptcy action in the Middle District of North Carolina, the Court cannot assume facts not admitted into evidence. While Trident has not met its burden in this instance, this ruling should not be construed as a finding as to whether the filing of the petition was part of a scheme to defraud, delay, or hinder any creditor. Instead, the court acknowledges that it has insufficient evidence but does not preclude any party from raising any issue related to relief from stay in the future and presenting evidence at the appropriate time regarding the Debtor's purpose in filing the above captioned case.

## CONCLUSION

**NOW THEREFORE, IT IS ORDERED, ADJUDGED and DECREED** that the Stay Relief Motion is **DENIED** without prejudice; it is further

**ORDERED** that the Disqualification Motion is **DENIED** as moot; it is further

---

[21] Specifically, the *Samaroo* court notes that it reviewed a deed of trust on the real property, two deeds conveying title to the real property, a "Corrective Deed" on the real property, a foreclosure order, a limited power of attorney, and the bankruptcy petition. *See* 2018 WL 1135376, at *1–2.

**ORDERED** that the Debtor shall file a Disclosure Statement and Plan of Reorganization within 30 days of entry of this Order and proceed towards confirmation with dispatch; and it is further

**ORDERED** that this Court shall maintain jurisdiction over the interpretation, implementation and enforcement of this order.

**IT IS SO ORDERED.**

| | |
|---|---|
| **This order has been signed electronically.** <br> **The Judge's signature and Court's seal** <br> **appear at the top of this order.** | **United States Bankruptcy Judge** |